**1629 K STREET NW, SUITE 300**
**WASHINGTON, D.C. 20006**

**HAMILTON LINCOLN**
**LAW INSTITUTE**

June 19, 2025

*Via ECF and E-mail*

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

    Re: *State of New York, et al. v. Nat'l Science Foundation, et al.*, No. 25-cv-4452-JPC

Dear Judge Cronan:

    We write on behalf of proposed intervenor National Association of Scholars ("NAS") pursuant to Individual Rules and Practices 6.A to notify the Court of NAS's anticipated motion to intervene and to propose a briefing schedule.

    NAS anticipates filing a motion to intervene in the above-referenced matter on June 20, 2025. NAS proposes a deadline of June 23 for any opposition briefs. NAS proposes a deadline of two days after the Court grants its motion to intervene for NAS to file an opposition to the Plaintiffs' motion for a preliminary injunction (ECF 6). NAS further proposes an extension of the deadline for Plaintiffs' reply in support of its motion for a preliminary injunction to five days after NAS files its opposition brief. This schedule is expected to only nominally extend the briefing schedule for the preliminary injunction motion. Plaintiffs' counsel has indicated that they oppose the motion to intervene; counsel for the Defendants has not yet replied to our request.

    NAS is a tax-exempt non-profit organization that seeks to uphold the traditional standards of higher education by prioritizing merit and achievement, fostering intellectual freedom, searching for the truth, and promoting virtuous citizenship. NAS adamantly opposes the pernicious intrusion of Diversity, Equity, and Inclusion ("DEI") ideology within academia, particularly in the Science, Technology, Engineering, and Mathematics disciplines. NAS has members in STEM disciplines who regularly seek and have obtained federal research grants, including from defendant National Science Foundation. NAS seeks to intervene in this case to protect it and its members interest in ensuring that federal research grants funded by the National Science Foundation are evaluated and awarded based on scientific merit, with equal opportunity for all, and not based on racial or gender preferences as advocated by the Plaintiffs.

    On April 18, 2025, the National Science Foundation issued a revised Policy Directive that reorientated its research funding decisions to the original mission of pursuing scientific research that focuses on intellectual merit that has a broad impact on the country, rather than favor certain narrow classes. The National Science Foundation terminated certain projects that do not align with

that mission. The National Science Foundation also implemented a cap of 15 percent for indirect costs for new funding awards. Following these announcements, sixteen states filed this lawsuit against the National Science Foundation. ECF 1 ¶ 9. Plaintiffs allege that the revised Policy Directive violated the Administrative Procedures Act, violates Separation of Powers under the U.S. Constitution, and is ultra vires because the National Science Foundation exceeded its congressionally granted authority. The thrust of Plaintiffs' complaint is that Congress mandated "NSF to undertake activities for the specific purpose of increasing STEM participation by women, minorities, and people with disabilities." ECF 1 ¶ 37. Plaintiff's complaint seeks to resurrect research funding based on DEI principles and prevent implementation of the National Science Foundation's updated guidance on scientific research priorities.

NAS's motion to intervene will argue that NAS is entitled to intervene as of right under Rule 24(a) and, in the alternative, seek permissive intervention under Rule 24(b). NAS meets all of the factors relevant to intervention as of right.

First, NAS's motion is timely because the Plaintiffs filed their complaint only three weeks ago, and the parties are still in the midst of briefing Plaintiffs' motion for a preliminary injunction. Under NAS's proposed schedule, it would file its opposition to Plaintiffs' motion before Plaintiffs' reply is due. The proposed schedule is expected to extend the briefing schedule only by a matter of days. *See Herdman v. Town of Angelica*, 163 F.R.D. 180, 185 (W.D.N.Y. 1995) (motion was timely when filed 10 weeks after complaint).

Second, NAS has a cognizable interest in the litigation. NAS has an interest in ensuring that National Science Foundation research grants are awarded based on scientific merit rather than racial or gender preferences contrary to the Constitution's guarantee of Equal Protection. NAS has members who have applied for and received research funding from the federal government, including the National Science Foundation, and who intend to apply for such funding in the future. NAS and its members are committed to competing for federal research funding that is available to and benefits all people, without favoritism to certain groups. The National Science Foundation's revised Policy Directive is consistent with NAS's mission, as NAS is committed to the principles of merit, competition, and equal opportunity within the STEM disciplines and has an interest in having research funding allocated based on those principles.

Third, if Plaintiffs are successful in their action, NAS members in STEM disciplines that are not eligible for the gender or racial preferences demanded by Plaintiffs will be at a disadvantage when seeking research funding. Plaintiffs seek to have the Policy Directive enjoined and for the National Science Foundation to make research funding decisions based on gender and racial preferences. If Plaintiffs are successful, the National Science Foundation could revert to allocating funds according to DEI ideology and racial or gender preferences. Such practice is contrary to NAS's mission and anathema to NAS and its members, thus reducing the availability of research grants for them.

Finally, the Defendants do not adequately represent NAS's interests. There is no guarantee that the revised Policy Directive will remain unchanged. This administration or a new administration could resurrect policies for allocating National Science Founding research funding based on DEI principles, and NAS and the Defendants could find their positions diverging. *See Kleisler v. U.S. Forest Serv.*, 157 F.3d 964, 973-74 (3d Cir. 1998) (it is "not realistic to assume that the [government's] programs will remain static or unaffected by unanticipated policy shifts"). Moreover, NAS believes that the statutes Plaintiffs argue mandate racial and gender preferences are contrary to the

Constitution's Equal Protection guarantee, particularly following the Supreme Court's holdings in *SFFA v. Harvard*, 600 U.S. 181 (2023), and *Sessions v. Morales-Santana*, 582 U.S. 47 (2017). Defendants' opposition to Plaintiffs' motion to intervene indicates that the federal Defendants may feel compelled to defend or at least not argue against the applicability of those statutes. *See, e.g.*, ECF 53 at 14 (arguing that Defendants' actions were consistent with statutes that target favored treatment based on race and sex). Consequently, the federal Defendants are unlikely to press the Equal Protection arguments with the same vigor as NAS.

In the alternative, NAS will argue that it satisfies the test for permissive intervention. "[C]ourts routinely grant permissive intervention to applicants even in cases where the court has found that the existing parties adequately represent the proposed intervenor's interest." *Green v. Biden*, 2024 WL 4932751, 2024 U.S. Dist. LEXIS 217562, at *24-*25 (E.D.N.Y. Dec. 2, 2024). NAS's participation in this litigation will helpfully "provide this Court with a fuller picture" of the issues at stake because it will bring the perspective of STEM researchers who compete for scarce federal research funding. *United States v. N.Y.C. Housing Auth.*, 326 F.R.D. 411, 419 (S.D.N.Y. 2018). Intervention by NAS will not delay the resolution of the litigation or cause undue prejudice to the existing parties because NAS's defense of the Policy Directive shares common questions of law and fact with the underlying action. *See New York v. Scalia*, 2020 WL 3498755, 2020 U.S. Dist. LEXIS 115415, at *15-*16, (S.D.N.Y. June 29, 2020) (allowing intervention did not create "an 'appreciable burden' because the Court would have received" proposed intervenor's arguments as amicus anyway).

Respectfully submitted,

*/s/ Anna St. John*
Anna St. John

*Counsel for Proposed Intervenor*
*National Association of Scholars*

cc: Counsel of Record (via CM/ECF)

Proposed intervenor National Association of Scholars shall file any motion to intervene by June 20, 2025. Any opposition to the motion to intervene is due by June 25, 2025. Plaintiffs' principal reply brief in support of its motion for a preliminary injunction remains due by June 23, 2025. In the event the Court grants the motion to intervene, the Court anticipates setting a separate schedule for (1) any opposition brief to the motion for a preliminary injunction from the proposed intervenor and (2) reply briefs from the parties limited to responding to arguments raised in the proposed intervenor's brief.

SO ORDERED.
Date: June 19, 2025
New York, New York

JOHN P. CRONAN
United States District Judge