

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

June 25, 2025

VIA ECF
The Honorable John P. Cronan
United States District Judge
40 Foley Square
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *State of New York et al. v. National Science Foundation et al.*, 25 Civ. 4452 (JPC)

Dear Judge Cronan:

      This Office represents defendants National Science Foundation ("NSF") and Brian Stone, in his official capacity as Acting Director of the NSF (collectively, the "Government"), in the above-referenced lawsuit in which plaintiffs New York and fifteen other states ("Plaintiffs") request a preliminary injunction for two sets of claims: (1) contract-based grant termination claims (the "Priority Directive"); and (2) claims relating to NSF's imposition of a 15% cap on indirect costs in future grant awards. ECF No. 6. Non-party the National Association of Scholars ("NAS") filed a motion to intervene in the above-referenced matter (the "Motion"). ECF No. 63 ("Mot. to Intervene"). NAS seeks to intervene to oppose Plaintiff's request for a preliminary injunction related to NSF's Priority Directive because, according to NAS, NSF research grants should not preference certain groups, and to argue that any statute that purports to direct NSF research grants to do so violates the constitution. *See id.* We write respectfully in opposition to NAS's Motion and, for the reasons discussed below, the Court should deny NAS's Motion.

## I.     NAS Is Not Entitled to Intervene as of Right

      This Court should deny NAS's motion to intervene as of right. To intervene as of right under Federal Rule of Civil Procedure 24(a), NAS must show that: (1) it claims an interest relating to this dispute; (2) it is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest; and (3) the existing parties in the lawsuit do not adequately represent that interest. NAS falls short of these requirements. First, NAS's interests will be adequately protected in this case. Second, NAS's interests will not be impaired if NAS is not permitted to intervene because NAS can present its legal arguments as *amicus curiae*.

### A.     The Government Will Adequately Protect NAS's Interests

      The Government will adequately protect NAS's interests because NAS and the Government have a common interest—to defend NSF's Priority Directive, *see generally* ECF No. 53—and the Government is doing so in defending this lawsuit.

Specifically, to show that an existing party does not adequately represent a proposed intervenor's interests, an intervenor must demonstrate that the existing party lacks "sufficient motivation to litigate vigorously and to present all colorable contentions." *Neversink General Store et al. v. Mowi USA, LLC et al.*, No. 20 Civ. 9293 (PAE), 2021 WL 1930320, at *5 (S.D.N.Y. May 13, 2021) (citation and quotation marks omitted). Mere differences in a litigant's legal strategy or motive are not sufficient. *See, e.g.*, *Orange Env't Inc. v. Cty. of Orange*, 817 F. Supp. 1051, 1061 (S.D.N.Y.1993), *aff'd*, 2 F.3d 1235 (2d Cir. 1993) (disagreement with a party's litigation strategy does not confer a right for a non-party to intervene); *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) ("[A] putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action." (citation omitted)). Rather, the nature of those different interests must be related to colorable legal arguments that the existing party "would be less able to assert" than the proposed intervenor. *Nat. Res. Def. Council*, 834 F.2d at 62. Importantly, "[r]epresentation is not inadequate simply because" the proposed intervenor would "press for more drastic relief," or because the proposed intervenor and the existing party "have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999) (internal quotation marks omitted).

When the existing party is the Government, the inquiry into whether it represents the proposed intervenor's interests is even more demanding. The proposed intervenor "must make a particularly strong showing" that the Government will not protect its interests. *Id.*; *see also United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 985 (2d Cir. 1984) (when the Government enforces the public interest, "a greater showing that representation is inadequate should be required"); *United States v. Yale University*, 337 F.R.D. 35, 44 (D. Conn. 2021) (same); *see also City of New York*, 198 F.3d at 367 ("[T]he proponent of intervention must make a particularly strong showing of inadequacy [of representation] in a case where the government is acting as *parens patriae*."). Indeed, it is "rare" that "a member of the public is allowed to intervene in an action in which the United States, or some other governmental agency, represents the public interest." 7C Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1909 (3d ed.).[1]

Courts regularly deny intervention under comparable circumstances after concluding that the Government will adequately protect a proposed intervenor's interests. *See, e.g.*, *Yale*, 337 F.R.D. at 41 (denying intervention because the proposed intervenor "fail[ed] to rebut the presumption of adequate representation of its interest by the government"); *SEC v. Bear, Stearns & Co.*, No. 03 Civ. 2937 (WHP), 2003 WL 22000340, at *3 (S.D.N.Y. Aug. 25, 2003) ("Reflexive intervention by the public in SEC actions would undermine both the SEC's ability to resolve cases by consent decree and the efficient management of those cases by courts."); *FTC v. First Capital Consumer Membership Servs., Inc.*, 206 F.R.D. 358, 364 (W.D.N.Y. 2001) ("[T]he governmental

---

[1] NAS argues that this more "demanding" standard is inapplicable "where the government is defending the validity of a government action," as opposed to affirmatively bringing a lawsuit as a plaintiff. Mot. to Intervene at 10 n.4. In support of that proposition, NAS cites *Herdman v. Town of Angelica*, 163 F.R.D. 180 (W.D.N.Y. 1995). But *Herdman* is from outside this District and not binding precedent. In any event, *Herdman* states only that "courts should examine both (1) whether the government entity has demonstrated the motivation to litigate vigorously and to present all colorable contentions, and (2) the capacity of that entity to defend its own interests and those of the prospective intervenor." *Id.* at 190. Here, the Government has demonstrated its motivation to litigate vigorously and the ability to defend the interests of NAS.

entity deserves special consideration and deference as an adequate representative of the interests of would-be intervenors.").

NAS does not meet its burden to demonstrate that the Government will not represent its interests. In this case, NAS's interests are aligned with the Government's—namely, both seek to defend the Priority Directive. *See generally* ECF No. 53. NAS asserts that it may have a different interest from the Government because it intends to argue that the Plaintiffs' "underlying interpretation of the statutes is unlawful" and that NAS will make constitutional arguments with more "vigor." Mot. to Intervene at 10. But the Government's representation of a proposed intervenor's interests is not "inadequate" merely because the proposed intervenor "press[es] for more drastic relief" than the Government. *City of New York*, 198 F.3d at 367 (internal quotation marks omitted). Nor is the Government's representation of a proposed intervenor's interests "inadequate" because the proposed intervenor has "different ideas about how best to" litigate a case. *City of New York*, 198 F.3d at 367. Rather, the adequacy analysis turns instead on whether the Government will defend the case "vigorously." *Washington*, 922 F.2d at 98. And it is clear that the Government will and is actively doing so.

### B. NAS Could Seek to Participate as *Amicus Curiae*

The Court should deny NAS's request to intervene as of right for the additional reason that NAS cannot show that the outcome of this dispute "may as a practical matter impair or impede" its "ability to protect its interest" because the Court could permit NAS to participate as an *amicus curiae*, to which the Government would not object. Fed. R. Civ. P. 24(a)(2). Indeed, to the extent there is any risk that NAS's interests are not adequately protected, the Court could eliminate any such risk by permitting NAS to participate as an *amicus curiae* in this matter. *See Hooker*, 749 F.2d at 992–93 (citing cases and affirming denial of intervention where the district court provided the proposed intervenor with an opportunity to present arguments as amicus). In that capacity, NAS could present any arguments that it believes are relevant to the Court's consideration, which would protect any interests it believes are not encompassed by the Government's advocacy. *See id.* at 993 (noting that the proposed intervenor's "interests could have been accommodated by its accepting the participation which the judge offered"—*i.e.*, serving as an amicus). For these reasons, NAS is not entitled to intervene as of right and the Court should deny NAS's motion.

### II. The Court Should Deny NAS's Request for Permissive Intervention

The Court should also deny NAS's alternative request for permissive intervention. A court "may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(l)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Its decision "is always subject to the inherently discretionary considerations of equity and judicial economy," *i.e.*, "considerations of trial convenience." 6 Moore's Fed. Prac. 3d § 24.10[1]. This Court's discretion to deny intervention under Rule 24(b)(2) "is very broad." *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). "In fact, a denial of permissive intervention has virtually never been reversed." *Id.* (internal quotation marks omitted).

The Court should deny NAS's request for permissive intervention because, as discussed above, NAS's interests will be adequately represented in this matter. Specifically, similar to

intervention as of right, the adequacy of representation by existing parties is also relevant in determining whether permissive intervention is appropriate. *See Hayden*, 797 F.2d at 89. Like mandatory intervention, when a private party seeks to intervene on the same side as the Government, the court "ordinarily will not grant permissive intervention." 6 Moore's Federal Practice § 24.10[2][c]. And, for the reasons discussed above—namely, that NAS's interests will be protected as a result of the Government's advocacy—the Court should deny NAS's request for permissive intervention as well. *See supra* Section I.A.

In addition, the Court should deny NAS's request for permissive intervention because it would result in undue delay and would not be consistent with principles of judicial economy. *See* Fed. R. Civ. P. 24(b)(l)(B), (b)(3). Should the Court grant NAS's request, it "would only clutter the litigation unnecessarily." 6 Moore's Fed. Prac. 3d § 24.10[2][c]. In addition, permitting intervention would encourage other parties to intervene in this lawsuit who claim to have an interest in this case. Such a result would serve no useful purpose, and instead would encourage the "piling on [of] parties," "delay," "extra cost," and "increased risk of error." *Massachusetts Sch. of L. at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997) (discussing the disadvantages of intervention); *see also Yale*, 337 F.R.D. at 45–46 (noting that the "risk of pile on plaintiffs capable of jumping in and intervening whenever [they] want to say something at a key moment" was "well founded" should the court permit intervention (internal quotation marks omitted)). Accordingly, the Court should deny NAS's request for permissive intervention as well.

We thank the Court for its attention to this matter and its consideration of the Government's opposition to NAS's motion to intervene in this lawsuit.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:    */s/ Adam Gitlin*
        MÓNICA P. FOLCH
        ADAM GITLIN
        Assistant United States Attorneys
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-6559/2734
        E-mail:   monica.folch@usdoj.gov
                        adam.gitlin@usdoj.gov

cc:    All Counsel of Record (via ECF)