

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION
OFFICE OF FEDERAL INITIATIVES

July 10, 2025

**BY ECF**
The Honorable John P. Cronan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE:   *New York v. National Science Foundation*, SDNY No. 25 Civ. 4452 (JPC)

We write on behalf of Plaintiffs to provide further information to the Court regarding three issues raised at the July 9, 2025 preliminary injunction hearing relating to the Priority Directive.

First, Plaintiffs' requested injunction is prohibitory, not mandatory, because it seeks to "maintain the status quo pending resolution of the case." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 36 (2d Cir. 2018). The status quo is "the last actual, peaceable uncontested status which preceded the pending controversy." *Id.* at 37 (quotations omitted). Here, the last uncontested status was one in which Defendants complied with the Congressional mandates for NSF priorities and funding (rather than the Priority Directive), and Plaintiff States' previously issued grants were in effect. Plaintiffs seek to maintain this status during the pendency of this litigation.

Second, as Plaintiffs have underscored, the applicable Congressional mandates do not require NSF to preference certain grant applicants based on their race or gender. *See* ECF No. 70. Thus, unlike *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, there are no NSF funding "decisions that turn on an applicant's race" here. 600 U.S. 181, 208 (2023). Indeed, neither Defendants nor their amicus curiae have identified any NSF statute that takes into account the race or gender of any grant applicant. Nor do Defendants even maintain that any NSF statute is unconstitutional on this basis.

Third, Plaintiffs' constitutional and ultra vires claims are not statutory claims in disguise. They are instead grounded in the fact that the Priority Directive also violates separation of powers and other constitutional commands because the directive and NSF's implementation countermand specific Congressional mandates and appropriations. Other courts have permitted these types of claims to proceed. *See, e.g.*, *Harris County v. Kennedy*, No. 25-cv-1275, 2025 WL 1707665, at *4-6 (D.D.C. June 17, 2025) (separation of powers claim); *American Ctr. for Int'l*

*Labor Solidarity v. Chavez-Deremer,* No. 25-1128, 2025 WL 1795090, at *28-29 (D.D.C. June 30, 2025) (ultra vires claim)*.*

        Respectfully,

        */s/ Colleen K. Faherty*
        Colleen K. Faherty
        Special Trial Counsel
        (212) 416-6046